Fred Pickett and Clyde Pickett, Appellants, v. John H. Pratt, Respondent.— Judgment reversed, with costs. All concurred, except Spring and Kruse, JJ., who dissented.

Almstead Electric Company, Respondent, v. Frank F. Pulver, Appellant, Impleaded with Others.— Judgment affirmed, with costs. All concurred.

Angeline Baxter, as Administratrix, etc., of Charles E. Baxter, Deceased, Respondent, v. Auburn and Syracuse Electric Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except McLennan, P. J., who dissented on the ground that plaintiff's intestate was not shown to have been free from contributory negligence.

Pearl Timerson, as Administratrix, etc., of George Timerson, Deceased, Appellant, v. Eugene Hapeman and Cornelius Goodfellow, Respondents.— Judgment and order affirmed, with costs. All concurred, except Spring and Kruse, JJ., who dissented.

Ludwick Matecki, Respondent, v. Michael Oster and Andrew G. Oster, Appellants.— Judgment and order affirmed, with costs. All concurred.

John Odebralski, Appellant, v. Michael Odebralski, Respondent, Impleaded with Others.— Judgment affirmed, with costs. All concurred.

James A. Roberts, as Receiver, etc., of the Metropolitan Mutual Savings and Loan Association, Respondent, v. Mathew Wind, Impleaded with Anna T. Wind, Appellant.— Judgment affirmed, with costs. All concurred.

Henry F. Brick, Respondent, v. Matthew Favilla and Jennie Favilla, Appellants.— Judgment and order affirmed, with costs. Held, that the undisputed proof shows that plaintiff was entitled to recover for thirteen days' rent; that the verdict of "no cause of action" was unauthorized and the judgment entered thereon was properly reversed by the County Court. All concurred.

Nathan S. Beardslee and Henry R. Bristol, Stockholders of the Warsaw Blue Stone Company, Who Sue on Behalf of Themselves and All Other Persons Similarly Situated with Themselves, Respondents, v. The Warsaw Blue Stone Company, Impleaded with S. Benedict Whitlock, Individually and as a Director Thereof, Appellant.— Order modified so as to provide that the plaintiff be required to make his complaint more definite and certain by stating what "other of the things" have resulted in damage, as stated in the allegation of the 5th subdivision thereof, and as so modified affirmed, without costs of this appeal to either party. All concurred.

Edward Bringley, Respondent, v. John Grape, Appellant.— Order reversed, with ten dollars costs, and motion granted, without costs. All concurred.

In the Matter of the Administration of the Estate of Nathaniel Stewart, Deceased. Edwin M. Harvie, as Administrator, etc., of Nathaniel Stewart, Deceased, Appellant; Clark A. Stewart, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concurred.

---

* General Rules of Practice.— [REP.